UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

E.L.H., JR.,

    Plaintiff,

v.

COMMISSIONER OF
SOCIAL SECURITY,

    Defendant.
_____/

Case No. 23-cv-12561
Hon. Matthew F. Leitman

**ORDER (1) SUSTAINING DEFENDANT'S OBJECTIONS (ECF No. 18) TO REPORT AND RECOMMENDATION (ECF No. 17); (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (ECF No. 12); (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (ECF No. 14); AND (4) REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

In this action, Plaintiff E.L.H., Jr. challenges the termination of his Supplemental Security Income ("SSI") benefits under the Social Security Act. (*See* Compl., ECF No. 1.) Both E.L.H., Jr. and Defendant Commissioner of Social Security filed motions for summary judgment. (*See* E.L.H, Jr. Mot., ECF No. 12; Comm'r Mot., ECF No. 14.) The assigned Magistrate Judge then issued a Report and Recommendation in which she recommended that the Court grant E.L.H., Jr.'s motion, deny the Commissioner's motion, and remand this action to the Commissioner for an immediate award of continuing benefits. (*See* R&R, ECF No. 17.)

1

The Commissioner has now filed timely objections to the R&R. (*See* Objections, ECF No. 18.) The Commissioner does not object to the recommendation to deny his motion and grant E.L.H. Jr.'s motion; the Commissioner objects only to the recommendation that this case be remanded for an immediate award of continuing benefits. The Commissioner asks instead that the Court remand for further administrative proceedings. (*See id.*)

For the reasons explained below, the Court agrees with the Commissioner that further fact-finding completed in the first instance by the Commissioner is necessary here. Accordingly, the Court **SUSTAINS** the Commissioner's objections, **ADOPTS** the recommended disposition of the R&R to the extent that it recommends granting E.L.H., Jr.'s motion and denying the Commissioner's motion, and **REMANDS** this action for further administrative proceedings.

**I**

**A**

The R&R includes a detailed recitation of the factual background, procedural history, and standard of review that applies in this case. (*See* R&R, ECF No. 17, PageID.739-754.) The Court describes below only those facts relevant to the Commissioner's objections.

E.L.H., Jr. first applied for and received SSI benefits in August 2008 when he was two years old. (*See* ECF No. 7-1, PageID.252.) His listed disability was an

enlarged liver. (*See id.*, PageID,99.) Several times since then, the Social Security Administration (the "SSA") has reviewed whether E.L.H., Jr. remained entitled to benefits. (*See*, *e.g.*, *id.* at 54, 98.) For example, in 2017, the SSA reviewed E.L.H., Jr.'s eligibility for benefits and continued those benefits based on a primary diagnosis of growth failure/failure to thrive and a secondary diagnosis of speech and language deficits. (*See id.*, PageID.98, 103-104.)

The SSA reviewed E.L.H., Jr.'s continuing right to benefits again in February 2019. This time, the SSA determined that E.L.H., Jr.'s medical condition had improved and that his "condition [was] no longer severe enough to be considered disabling." (*Id.*, PageID.115.) The SSA therefore terminated E.L.H, Jr.'s SSI benefits. (*See id.*, PageID.118.)

E.L.H., Jr. then sought review of that decision before an Administrative Law Judge (the "ALJ"). The ALJ held a hearing on that appeal on July 14, 2022. (*See id.*, PageID.74-93.) E.L.H., Jr., who appeared without counsel, testified very briefly at the hearing, as did his mother and a medical expert, Bradley Bradford. (*See id.*)

Following the hearing, the ALJ issued a decision upholding the termination of E.L.H., Jr.'s benefits. (*See id.*, PageID.51-73.) The ALJ explained that "[w]hile [E.L.H., Jr.] has glycogen storage disease, hepatomegaly, nephrocalcinosis, and allegories, his condition has been stable since February 2019." (*Id.*, PageID.61.) In support for that conclusion, the ALJ noted that "records from [E.L.H., Jr.'s] pediatric

3

gastroenterologist [] show that as of January 2019, [E.L.H., Jr.'s] impairments were managed with vitamin supplements and Benadryl," and that E.L.H., Jr. had "denied any abdominal pain, nausea, vomiting, change in appetite or energy level or constipation." (*Id.*) The ALJ also pointed out that "the current record does not show any medical imaging, office visits, examination signs, or treatment since June 2019." (*Id.*) Finally, the ALJ explained that E.L.H., Jr.'s "communication was age appropriate" and that he was "working at or above grade level." (*Id.*, PageID.60.) Based on these and other findings, the ALJ determined that "as of February 22, 2019, there had been a decrease in the medical severity of the impairments present" when the SSA last continued E.L.H., Jr.'s benefits in 2017 and E.L.H., Jr. was therefore no longer entitled to benefits under the applicable regulations. (*Id.*, PageID.58, 67.) E.L.H., Jr. appealed the ALJ's decision to the Appeals Council, but that body denied review. (*See id.*, PageID.24-28.)

**B**

After the Appeals Council denied review, E.L.H., Jr. retained counsel and filed this action seeking review of the administrative decision terminating his SSI benefits. (*See* Compl., ECF No. 1.) E.L.H., Jr. and the Commissioner thereafter filed cross-motions for summary judgment. (*See* E.L.H, Jr. Mot., ECF No. 12; Comm'r Mot., ECF No. 14.)

4

The assigned Magistrate Judge issued the R&R on the parties' cross-motions on September 18, 2024. (*See* R&R, ECF No. 17.) The Magistrate Judge recommended granting E.L.H., Jr.'s motion, denying the Commissioner's motion, and remanding this action for an immediate award of continuing benefits. With respect to the merits of the parties' motions, the Magistrate Judge concluded that the ALJ failed to apply the proper legal standard when the ALJ found that E.L.H., Jr.'s medical condition had improved and that E.L.H., Jr. was therefore no longer disabled. More specifically, the Magistrate Judge explained that even though the applicable "regulations [] require[d] the ALJ to compare [E.L.H., Jr.'s] impairments at the time of the cessation of benefits with [his] impairments at the time" of the most recent favorable determination that he was disabled (*i.e.*, the SSA's determination in 2017 that E.L.H., Jr. remained entitled to benefits), the ALJ failed to conduct that comparison. (*Id.*, PageID.759.) The Magistrate Judge further noted that the ALJ had a "special duty" to "fully and fairly develop[]" the record because E.L.H., Jr. was not represented by counsel during the administrative proceedings and that the ALJ failed to develop that record before upholding the decision to terminate E.L.H., Jr.'s benefits. (*Id.*, PageID.764-765.)

The Magistrate Judge then turned to the question of remedy. She explained that she had two choices: "remand […] for an immediate award of benefits or [] remand for further fact finding." (*Id.*, PageID.766, quoting *Kennedy v. Astrue*, 247

5

F. App'x 761, 768 (6th Cir. 2007).)  The Magistrate Judge recommended that the Court remand for an immediate award of benefits because (1) the Commissioner had not met his "burden to establish the removal of [E.L.H., Jr.'s] disability" and (2) "neither party ha[d] identified a material factual issue which remain[ed] unresolved." (*Id.*, PageID.766-767; internal citation omitted).

The Commissioner filed timely objections to the R&R on September 20, 2024. (*See* Obj., ECF No. 18.)  As explained above, the Commissioner does not object to the Magistrate Judge's recommendation that the Court grant E.L.H, Jr.'s motion and deny the Commissioner's motion.  Instead, the Commissioner objects only to the recommendation that the "matter be remanded to [the Commissioner] for an immediate award of continuing benefits." (*Id.*, PageID.769.)  The Commissioner insists that where, as here, "additional fact finding and analysis is required," then "the proper remedy […] is to remand the case for a new decision by the agency." (*Id.*, PageID.770.)  E.L.H., Jr. filed a response to the Commissioner's objections on October 14, 2024. (*See* Resp., ECF No. 20.)  The Court has carefully reviewed the R&R, the Commissioner's objections, and E.L.H, Jr.'s response, and it is now prepared to rule on the objections.

### III

When a party objects to portions of a Magistrate Judge's report and recommendation, the Court reviews those portions *de novo*. *See* Fed.R.Civ.P.

6

72(b)(3); *Lyons v. Comm'r of Soc. Sec.*, 351 F.Supp.2d 659, 661 (E.D. Mich. 2004). The Court has no duty to conduct an independent review of the portions of the R&R to which a party does not object. *See Thomas v. Arn*, 474 U.S. 140, 149 (1985).

## IV

The only question now before the Court is: should the Court remand this action for further fact-finding and administrative proceedings or should the Court remand for an immediate award of continuing benefits? A court "can reverse a decision of the Commissioner and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *Kennedy*, 247 F. App'x at 768. In other words, "[a] judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id*. Where "all essential factual issues have not yet been resolved," a "court is obligated to" remand the proceedings for a new hearing. *Id*.

Like in *Kennedy*, the question of "whether to remand […] for an immediate award of benefits or to remand for further fact finding is a close one in this case." *Id*. "On the one hand, the ultimate burden is on the Commissioner in termination proceedings [.… and] it was incumbent upon the Commissioner to [among other things] develop the record at the evidentiary hearing before the ALJ." *Id*. On the other hand, some of the evidence in the record here appears to show that E.L.H., Jr.'s

condition may have improved to such a degree that he may no longer be disabled. For example, one of E.L.H., Jr.'s teachers completed a questionnaire in which she said that E.L.H., Jr. had no problems "attending and completing tasks" or "caring for himself," and she noted that he did not "frequently miss school due to illness[]." (ECF No. 7-1, PageID.297-302.) Moreover, it appears that some of E.L.H., Jr.'s medical records reflect that he may have improved and that he may no longer be receiving regular treatment for at least some of his conditions. (*See, e.g.*, *id.*, PageID.514, in which one of E.L.H., Jr.'s treating physicians noted that, as of December 13, 2018, E.L.H., Jr. was "growing well" and was "currently not on any treatment" for his glycogen-storage disease type IX; *id.*, PageID.455, noting that, as of March 2017, E.L.H, Jr. was "currently asymptomatic from a renal standpoint without visible blood in urine, back/abdominal pain[,] or dysuria"; *id.*, PageID.501-504, noting that as of March 2018, E.L.H., Jr. was "asymptomatic from a [cardiac] standpoint except for occasional episodes of chest [pain]" that was determined to be "musculoskeletal in nature" and that "no further cardiac evaluation is needed.") Likewise, E.L.H., Jr. and his mother testified at the hearing before the ALJ, and while their testimony was brief, it could be read to suggest that at least some of E.L.H., Jr.'s conditions were no longer disabling and/or did not require ongoing treatment. (*See, e.g.*, *id.*, PageID.79, 85, noting that E.L.H., Jr. had not seen a doctor since June 2019.) At the very least, their testimony created additional uncertainty

about whether E.L.H., Jr. remained disabled. Under all of these circumstances, the Court concludes that because not all essential factual issues have been resolved, this action should be remanded to the Commissioner for further administrative proceedings, not an immediate award of benefits.

E.L.H., Jr. resists this conclusion. He argues that "[s]ince *Kennedy*, District Courts in the Sixth Circuit have emphasized the Commissioner's burden in proving medical improvement and have awarded benefits where the ALJ's finding of medical improvement lacked substantial evidence in termination proceedings." (Resp., ECF No. 20, PageID.783.) But here, the Magistrate Judge did not reach the question of whether the ALJ's decision to uphold the termination of E.L.H., Jr.'s benefits was supported by substantial evidence. As the Magistrate Judge explained, it was "irrelevant whether the ALJ's […] decision was supported by substantial evidence" because that decision was "legally unsound" and did not apply the correct legal standard. (R&R, ECF No. 17, PageID.765-766.) The Court agrees with the Magistrate Judge. Thus, this is not a case where there has been an affirmative finding that the ALJ's decision lacked substantial evidence.

V

For all of the reasons explained above, the Court concludes that further fact-finding and administrative proceedings are required by the Commissioner. Accordingly, **IT IS HEREBY ORDERED** that:

- The Commissioner's objections (ECF No. 18) to the R&R (ECF No. 17) are **SUSTAINED**;

- E.L.H., Jr.'s motion for summary judgment (ECF No. 12) is **GRANTED** to the extent that it seeks a remand for further administrative proceedings;

- The Commissioner's motion for summary judgment (ECF No. 14) is **DENIED**; and

- This action is remanded to the Commissioner for further administrative proceedings consistent with this order.

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 19, 2025

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 19, 2025, by electronic means and/or ordinary mail.

s/Holly A. Ryan
Case Manager
(313) 234-5126